# CV - 10 3851

**FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. §3730**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N

★ AUG 20 2010

(SI)

LONG ISLAND OFFIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

UNITED STATES OF AMERICA, ex rel.,
ROSEMARIE HENNESSEY

Plaintiff/Relator,

-against-

DR. VIKAS DESAI, DR. ROBERT MACCONE,
DR. EDMOND ROSS, DR. JOHN MURATORI
TINA CAPOTOSTO, JOHN SCHIANO
ADVANCED DIAGNOSTICS, ADVANCED
MEDICAL BILLING, AND PRIME DIAGNOSTICS

Defendants,

--------------------------------------------------------------- x

: FILED IN CAMERA AND
  UNDER SEAL PURSUANT
  TO THE FALSE CLAIMS
: ACT
:
:

JURY TRIAL DEMANDED

WEXLER, J.

WALL, M.J.

## COMPLAINT

Plaintiff, THE UNITED STATES OF AMERICA, by Relator, Rosemarie

Hennessey, states as follows:

1. This is an action to recover damages and civil penalties and to obtain injunctive

   relief on behalf of the United States of America against the defendants, Dr. Vikas

   Desai, Dr. Robert Maccone, Dr. Edmond Ross, Dr. John Muratori, Tina

   Capotosto, John Schiano, advanced Diagnostics, Advanced Medical Billing and

   Prime Diagnostics, arising out of the presentation of false statements and claims

   to Medicare and Medicaid. This Complaint seeks injunctive relief, compensatory

   to the Untied States of America, a civil penalty of $10,000.00 per false claim, the

costs of this action pursuant to 31 U.S.C. § 3729(a), and costs and expenses, including attorneys' fees pursuant to 31 U.S.C. § 3730(d)(1).

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367, and under 31 U.S.C. § 3729.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and 31 U.S.C. § 3729(a), because the Defendants transacts business in this District and the facts forming the basis of the Complaint occurred in this District.

4.  This action is filed in Camera and Under Seal pursuant to the requirements of 31U.S.C. §§ 3729, 3730(b), and is to remain under seal for a period of at least Sixty (60) days and will not be served on the Defendants until the Court so orders, to enable the Government (1) to conduct its own investigation without the knowledge of the Defendants, and (2) to determine whether to intervene and proceed with the action.

## PARTIES

5.  Qui Tam realtor, Rosemarie Hennessey, (hereinafter "Realtor") is a citizen of the United States and a resident of the State of New York.

6.  Defendant Dr. Vikas Desai, is a physician residing and practicing medicine in the State of New York.

7.  Defendant Dr. Robert Maccone is physician residing and practicing medicine in the State of New York.

8. Defendant Dr. Edmond Ross is a physician residing and practicing medicine in the State of New York.

9. Defendant Dr, John Muratori is a physician residing and practicing medicine in the State of New York.

10. Defendant Capostosto, is an independent contractor providing billing services for the Defendants in this action and residing and providing said services in the State of New York.

11. Defendant John Schiano is an independent contractor providing billing services for the Defendants in this action and residing and providing said services in the State of New York.

12. Defendant Advanced Diagnostics is a New York corporation, which is owned and controlled by Defendant John Schiano.

13. Defendant Advanced Medical Billing, is a New York corporation, which is owned and controlled by Defendant John Schiano.

14. Defendant Prime Diagnostics, is a New York corporation, which is owned and Controlled by Defendant John Schiano.

## BACKGROUND FACTS

15. As required under Section 3730(b)(2) of the False Claims Act, Realtor has or will furnish the United States Attorney for the Eastern District of New York, a statement of substantially all material evidence and information related to the Complaint. This Disclosure Statement supports Relator's contentions that the Defendant's knowingly filed False Claims or knowingly caused False Claims to

be filed with the US government in order to receive Medicare and Medicaid payments.

16. Relator is an original source individual with direct and independent knowledge of the information set forth herein and has voluntarily provided the information to the government pursuant to 31 U.S.C §3738(e)(4)(B).

17. Relator was employed by the Defendants, Drs. Desai, Maccone, Ross, and Muratori from December 2003 to the present times as a receptionist. During the term of her employment, Relator had access to reports and information concerning the administration of and the billing of the tests administered to patients of the Defendant Doctors, said tests and billing of said tests provided by the other named Defendants.

18. Included amongst the reports and documents afforded to Plaintiff were some of the records of the tests administered as well as the billing of the tests to Medicaid and Medicare.

19. The Defendants made a habit of administering unnecessary tests and altering documents to indicate that the tests were administered on different dates, when in fact these unnecessary tests were administered to patients on the same day.

20. The defendants made a practice of ordering and administering unnecessary tests that were performed on patients in one day and were performed by in house testing companies that were either controlled by or influence by the defendant doctors.

21. That the defendants made a practice of compensating the staff for scheduling and administering multiple tests to patients, all said tests being administered on the same day, but then billed out as if performed on different days.

22. Not only were the tests administered unnecessary but they were performed on the same day in violation of Medicaid and Medicare rules and regulations.

23. The nature of the Defendants' business is such that they dealt with many elderly patients who were not in need of many of the tests administered and billed for and who were on Medicaid and Medicare. Accordingly, Medicare and Medicaid pay a substantial amount of the Defendants' income.

## CLAIM FOR RELIEF
### Violations of the False Claims Act
### (31 U.S.C. § 3729(a)(7)

24. Relator incorporates Paragraphs 1 through 23 as fully incorporated herein.

25. The Relator seeks relief against the Defendants under Section 3729(a)(7) of the false Claims Act, 31 U.S.C. § 3729(a)(7).

26. As set forth above the Defendants knowingly, with deliberate ignorance, or in reckless disregard of the truth, made used or caused to be made or used, false records and statements to obtain unwarranted monetary compensation from the Government.

27. The United States was wrongfully and fraudulently induced to remit monetary payments to the Defendants.

28. By reason of these false claims the United States has sustained damages in a substantial amount to be determined at trial.

## SECOND CLAIM
### Common Law Fraud

29. The Relator incorporates by reference paragraphs 1 through 28 above as if fully set forth herein.

30. The Defendants made material misrepresentations of fact to the United States, or aided and abetted the making of material misrepresentations to the United States, with knowledge of, or in reckless disregard of, their truth.

31. The defendants intended that the United States would rely upon the accuracy of the representations referred to above.

32. The United States justifiably relied upon the false representations made by the Defendants.

33. By reason of the foregoing, the United States has sustained damages in an amount to be determined at trial.

## THIRD CLAIM
### Conversion

34. The Relator incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. The Defendants converted to their own use monies rightfully belonging to the United States.

36. The United States has been damages in an amount to be determined at trial as a result of the Defendants' conduct.

WHEREFORE, the plaintiff, requests that judgment be entered in her favor and against the Defendants as follows:

(a) On the First Claim for Relief (Violations of the False Claims Act, 31 U.S.C § 3729(a)(7)), for an order directing the Defendants to cease and desist from violating the False Claims Act 31 U.S.C. § 3729, et seq.:

(b) On the First Claim for Relief (Violations of the False Claims Act, 31 U.S.C. § 3729(a)(7)) for an order that the Defendants pay compensatory damages to the United States of America in an amount equal to three (3) times the amount of damages the United States of America sustained for each violation of the False Claims Act by the Defendants, plus a civil penalty of $10,000.00 per each false claim and the costs of this action pursuant to 31 U.S.C. § 3729(a);

(c) On the First Claim for Relief (Violations of the False Claims Act, 31 U.S.C. § 3729(a)(7)), for an order that the Defendants to pay all the Relator's costs and expenses, including attorneys' fees and court costs, pursuant to 31 U.S.C. § 3730(d)(1):

(d) On the First Claim for Relief (Violations of the False Claims Act, 31 U.SC. § 3729(a)(7)) for an order awarding the Relator the maximum allowed pursuant to 31 U.S.C. § 3730(d)(1);

(e) On the Second Claim for Relief, (Common-Law Fraud), in an amount to be determined at trial, together with costs and interest;

(f) On the Third Claim for Relief, (Conversion), in an amount to be determined at trial, together with costs and interest;

(g) An order for such other and further relief this Court deems just and proper.

Dated:  **Woodbury. New York**
        **August 18, 2010**


                                   UNITED STATES OF AMERICA
                                   Ex rel., ROSEMARIE HENNESSEY

                                   Attorney for Relator
                                   Anthony J. Colleluori (9103)
                                   68 South Service Road
                                   Suite 100
                                   Melville, New York 11746
                                   By: Douglas M. Reda, Esq (5145)
                                       Of Counsel